| | |
|---|---|
| METROPOLITAN NASHVILLE ) <br> AIRPORT AUTHORITY ) <br> ) <br> *Plaintiff/Counter-Defendant* ) <br> ) <br> v. ) <br> ) <br> COLONIAL PIPELINE COMPANY ) <br> ) <br> *Defendant/Counter-Claimant* ) | Case No. 3:20-cv-00809 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Jeffery S. Frensley |

## ANSWER AND COUNTERCLAIM

Defendant Colonial Pipeline Company ("Colonial"), for its Answer to the Complaint filed by Plaintiff Metropolitan Nashville Airport Authority ("MNAA"), states as follows:

To the extent MNAA's unnumbered introductory paragraph requires a response from Colonial, the allegations in that paragraph as to Colonial are denied.[1]

1. Based on information and belief, Colonial admits the allegations in the first sentence of Paragraph 1. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2. Colonial admits the allegations in the first two sentences of Paragraph 2. With respect to the allegations in the third sentence in Paragraph 2, Colonial admits it transports liquid petroleum products through two pipelines that cross MNAA property in Davidson County, but

---

[1] The Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, including by containing allegations in this paragraph and elsewhere that are not "simple, concise and direct," but rather are lengthy and/or conclusory arguments. Further, some of the allegations are partially inaccurate or presume the truth of other information and allegations. These factors make responding to the Complaint difficult, but Colonial has attempted to comply with Rule 8, including by denying certain allegations "as stated" where it is especially difficult to respond otherwise.

denies all portions of its pipelines that cross MNAA property are subject to the Easement (as defined in the Complaint) or the obligations MNAA seeks to enforce.

3. Colonial denies the state court currently has personal jurisdiction over it in this action, but admits this Court has personal jurisdiction over it in this action.

4. Colonial denies the state court currently has subject matter jurisdiction over this action, but admits this Court has subject matter jurisdiction over this action.

5. Colonial denies venue currently is proper in state court, but admits venue is proper in this Court. To the extent consistent with the Complaint, Colonial admits the remaining allegations in Paragraph 5. To the extent inconsistent with the Complaint, Colonial denies the remaining allegations in Paragraph 5.

6. Colonial admits the allegations in Paragraph 6.

7. To the extent consistent with the Easement, Colonial admits the allegations in Paragraph 7 describing the Easement. To the extent inconsistent with the Easement, Colonial denies the allegations in Paragraph 7 describing the Easement.

8. To the extent consistent with the Easement, Colonial admits the allegations in Paragraph 8 describing the Easement. To the extent inconsistent with the Easement, Colonial denies the allegations in Paragraph 8 describing the Easement.

9. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 11. Colonial denies the allegations in the

second sentence of Paragraph 11. Colonial admits it and the Airport met in 2018 and 2019 to discuss preliminary route options for potential relocation of Colonial's pipeline to accommodate the Airport's potential expansion plans. The remaining allegations of Paragraph 11 are denied.

12. Colonial denies Dan Jacobsen's title was anything other than Senior Project Manager of Relocation. Colonial lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 12.

13. Colonial admits a meeting occurred on September 7, 2018, with MNAA to discuss potential relocation alignments. Colonial denies all remaining allegations in Paragraph 13.

14. Colonial denies the allegations in the first and second sentences of Paragraph 14 as stated. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 14.

15. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Colonial admits the allegations in the first sentence of Paragraph 16. Regarding the second sentence in Paragraph 16, Colonial admits the group discussed potential relocation plans and conflicts. Colonial denies all remaining allegations in Paragraph 16 as stated.

17. MNAA did not attach the August 19, 2019 email it references in Paragraph 17 or any responding emails, and Colonial has not yet located copies of those emails. Therefore, Colonial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 17. Regarding the fourth sentence of Paragraph 17, Colonial admits that between August and November 2019, discussions continued regarding potential relocation plans and conflicts. Colonial lacks knowledge or

3

information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 17. Colonial denies all remaining allegations in Paragraph 17.

18. Colonial denies the allegations in Paragraph 18 as stated.

19. Colonial admits Exhibit 5 is a true and correct copy of TDOT's January 23, 2020 letter to Colonial. Colonial denies all remaining allegations in Paragraph 19 as stated.

20. Colonial denies the allegations in Paragraph 20 as stated.

21. Colonial admits it received the March 24, 2020 letter attached to the Complaint as Exhibit 6. To the extent consistent with the letter, Colonial admits the allegations in Paragraph 21 describing the letter. To the extent inconsistent with the letter, Colonial denies the allegations in Paragraph 21 describing the letter. Colonial denies all remaining allegations in Paragraph 21.

22. Colonial admits its Deputy General Counsel (incorrectly identified in the Complaint as Assistant General Counsel) sent MNAA the April 8, 2020 (incorrectly identified in the Complaint as April 8, 2019) letter attached to the Complaint as Exhibit 7 in response to the March 24, 2020 letter, and the quotation of part of the contents of Exhibit 7 appears to be accurate. Colonial denies that is all the letter said, and denies all remaining allegations in Paragraph 22.

23. Colonial denies the allegations in Paragraph 23 as stated.

24. Colonial admits it received the July 16, 2020 letter attached to the Complaint as Exhibit 8. To the extent consistent with the letter, Colonial admits the allegations in Paragraph 24 describing the letter. To the extent inconsistent with the letter, Colonial denies the allegations in Paragraph 24 describing the letter. Colonial denies all remaining allegations in Paragraph 24.

25. Regarding the first sentence in Paragraph 25, Colonial admits its counsel received the June 29, 2020 request from MNAA's counsel set forth in Paragraph 25, and the quotation of

4

part of the contents of that request appears to be accurate, but denies that is all the request said. Colonial denies the allegations in the second sentence of Paragraph 25.

26. Colonial denies the allegations in Paragraph 26 as stated.

27. Colonial denies the allegations in Paragraph 27.

28. Colonial repeats and incorporates its foregoing responses.

29. Colonial admits Paragraph 29 appears to accurately quote a portion of the Easement, but denies that is the only relevant portion.

30. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 30. Colonial denies all remaining allegations in Paragraph 30.

31. Colonial admits MNAA is seeking relief as set out in the Complaint, but denies MNAA is entitled to the relief alleged in Paragraph 31 or otherwise sought in the Complaint.

32. Colonial repeats and incorporates its foregoing responses.

33. Colonial admits the Easement constitutes an enforceable contract and Paragraph 33 appears to accurately quote a portion of the Easement, but denies that is the only relevant portion. Colonial denies MNAA is entitled to enforce the Easement, including as it seeks to do so in the Complaint.

34. Colonial admits MNAA purported to provide notice under the Easement in the letter that is Exhibit 6 to the Complaint. Colonial denies all remaining allegations in Paragraph 34.

35. Colonial denies the allegations in Paragraph 35.

Colonial denies all allegations not specifically admitted above. Colonial further denies all implied and argumentative allegations by MNAA, including those that presume the truth of other

allegations, whether stated or unstated. Colonial further denies MNAA is entitled to any of the relief it seeks in its Prayer for Relief in the Complaint.

## ADDITIONAL DEFENSES

Without assuming the burden of proof or persuasion, Colonial states as follows:

1. MNAA has failed to state a claim upon which relief can be granted.

2. For reasons that include those set out in a prior lawsuit pending in this Court filed by Colonial against MNAA and its engineer (*Colonial Pipeline Company v. Metropolitan Nashville Airport Authority, et al.*, Case No. 3:20-cv-00666) (the "Line Strike Suit"), MNAA materially breached the Easement with Colonial, thereby excusing Colonial's performance and barring MNAA from the relief it is seeking, including any recovery of damages under its breach of contract claim.

3. MNAA's claims are barred to the extent any conditions precedent and conditions subsequent to Colonial's obligations under the Easement and applicable law have not been satisfied.

4. MNAA's claims are barred to the extent supervening or intervening events since the Easement was signed (including those described in or arising out of the events described in the Line Strike Suit) have made Colonial's performance impracticable or impossible.

5. MNAA's claims are barred to the extent supervening or intervening events since the Easement was signed (including those described in or arising out of the events described in the Line Strike Suit) have frustrated the purpose of the Easement and therefore excused Colonial's performance.

6. If MNAA has incurred or incurs any damages, MNAA is barred from recovery to the extent it has failed or fails to mitigate them.

7. If MNAA has incurred or incurs any damages, MNAA is not entitled to recovery from Colonial to the extent the damages were caused by others for which Colonial is not responsible, including MNAA, AECOM Technical Services, Inc., or the Tennessee Department of Transportation.

8. To the extent MNAA has, by virtue of its own acts, omissions and conduct, or otherwise, waived claims against Colonial, this action is barred.

9. To the extent MNAA is, by virtue of its own acts, omissions and conduct, or otherwise, estopped from asserting claims against Colonial, this action is barred.

10. MNAA's claims are barred to the extent Colonial is entitled to setoff and/or recoupment, including amounts sought by Colonial in the Line Strike Suit.

11. Any equitable relief sought by MNAA is barred by its unclean hands, including as described in the Line Strike Suit.

12. MNAA's equitable claims are barred because equity will not exceed the rights of parties existing at law, and equity will not consciously become an instrument of injustice.

13. MNAA's claims should not proceed on a schedule faster than that in the Line Strike Suit, as MNAA is seeking, because, among other reasons, the Easement does not provide or otherwise make time of the essence or provide a time period for relocating any easement or pipeline.

14. Due at least in part to segments of Colonial's pipelines having been relocated since the granting of the Easement in 1976, portions of Colonial's pipelines that cross MNAA's property outside of the area covered by the Easement are not subject to the Easement or any of the obligations MNAA seeks to enforce.

15. To the extent MNAA's claims in this action constitute a compulsory counterclaim in the Line Strike suit, they are barred and this action should be dismissed.

Colonial reserves the right to amend this Answer.

## PRAYER FOR RELIEF

WHEREFORE, Colonial asks the Court to:

1. Enter judgment dismissing MNAA's Complaint, with prejudice, or otherwise denying MNAA the relief sought;

2. Award Colonial costs incurred in this action to the extent permitted by applicable law or rule; and

3. Grant Colonial additional relief to which it is entitled.

## COUNTERCLAIM

Without waiving any arguments or defenses contending that MNAA's claims in this action constitute a compulsory counterclaim in the Line Strike Suit, or that this action and the Line Strike Suit should be consolidated, which Colonial reserves the right to assert, Colonial states as follows for its counterclaim:

## PARTIES AND JURISDICTION

1. Colonial is a Delaware and Virginia corporation authorized to conduct business in Tennessee, with its principal place of business at 1185 Sanctuary Parkway, Suite 100, Alpharetta, Georgia 30009.

2. Based on the Complaint, MNAA is a Tennessee governmental entity with its principal place of business at One Terminal Drive Suite 501, Nashville, TN 37214.

3. This Court has personal jurisdiction over MNAA because it filed this action which has properly been removed to this Court, regularly conducts business in Tennessee, and has

established sufficient minimum contacts with this state. In addition, all or a substantial part of the events or omissions giving rise to the claims in this matter occurred in Tennessee.

4. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Colonial and MNAA, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court because a substantial part of the events, acts, and omissions giving rise to the claims involved in this matter occurred in this judicial district.

## GENERAL ALLEGATIONS

6. Colonial owns and operates more than 5,500 miles of petroleum pipeline, originating in Houston, Texas and terminating at the Port of New York and New Jersey, with sections of the pipeline extending into Tennessee.

7. Two sections of Colonial's pipeline, Line 19 and Line 20, cross MNAA's property.

8. In 1976, Colonial entered into a Dedication of Easement and Agreement (the "Easement") with MNAA, by which MNAA granted Colonial a permanent easement across a portion of MNAA's property at Nashville International Airport ("BNA"). A copy of the Easement was attached to MNAA's Complaint as <u>Exhibit 1</u> and is incorporated herein by reference.

9. Based on documentation reasonably available to Colonial, several portions of Colonial's pipelines have been relocated since the granting of the Easement, including:

   a. In or around 1986 or 1987, portions of Colonial's pipelines were moved to accommodate a new access road (Terminal Drive) to the BNA terminal for I-40 eastbound traffic.

b. In or around 1992, Colonial relocated one or both pipelines on the western side of BNA in connection with a project that also involved relocating Dabbs Avenue (now called Knights of Columbus Boulevard).

c. In or around 1998, after identifying a potential risk to a portion of Line 20 under or near a runway, Colonial moved a portion of Line 20.

10. Based on information and belief, the relocations were done at MNAA's request and/or with MNAA's consent, and none of the relocated segments is located within the area covered by the Easement or is otherwise subject to the terms of the Easement MNAA is seeking to enforce.

11. On April 9, 2019, Colonial's Line 19 was struck at BNA, and a substantial amount of gasoline was released, as set forth in the Line Strike Suit.

12. As also set forth in the Line Strike Suit, Colonial has incurred and likely will incur millions of dollars of costs and damages as a result of the strike. In addition, the line strike likely will impact the relocation of Colonial's pipelines MNAA seeks in this action.

13. As further set forth in the Line Strike Suit, the strike of Line 19 constituted a material breach of the Easement by MNAA.

## COUNT I
## DECLARATORY JUDGMENT

14. Colonial realleges and incorporates paragraphs 1 through 13 of this Counterclaim.

15. There are actual, substantial, and immediate controversies and disputes between Colonial and MNAA regarding their rights and obligations under the Easement.

16. For the reasons set forth herein and in the Line Strike Suit, any of the obligations MNAA seeks to enforce have been excused by MNAA's prior material breach of the Easement.

17. Further, those obligations MNAA seeks to enforce do not apply to those portions of Colonial's pipelines that have been relocated to areas not covered by the Easement.

18. Colonial seeks a judicial declaration that will terminate the controversies and disputes in this proceeding or some part thereof.

Colonial reserves the right to amend this Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Colonial asks the Court to enter a declaratory judgment ordering and decreeing that:

1. Colonial is not obligated under the Easement to relocate easements and/or pipelines at its sole cost and expense; and/or

2. The portions of Colonial's pipelines that cross MNAA property outside of the area covered by the Easement are not subject to the Easement or any obligations in it MNAA seeks to enforce.

Respectfully submitted,

s/ *Brian M. Dobbs*
L. Wearen Hughes (BPR No. 5683)
J. Andrew Goddard (BPR No. 6299)
Brian M. Dobbs (BPR No. 25855)
Bass, Berry & Sims PLC
150 3rd Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
whughes@bassberry.com
dgoddard@bassberry.com
bdobbs@bassberry.com

*Attorneys for Defendant and Counter-Claimant Colonial Pipeline Company*

## **CERTIFICATE OF SERVICE**

I certify that I filed this document electronically using the Court's electronic case management system, which will send notice to:

Paul S. Davidson
Michael C. Brett
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Paul.Davidson@wallerlaw.com
Mike.Brett@wallerlaw.com

*Attorneys for Plaintiff and Counter-Defendant*
*Metropolitan Nashville Airport Authority*

            s/ *Brian M. Dobbs*
            Brian M. Dobbs