# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **COLONIAL PIPELINE COMPANY,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**METROPOLITAN NASHVILLE** )<br>**AIRPORT AUTHORITY; and AECOM** )<br>**TECHNICAL SERVICES, INC.,** )<br>)<br>Defendants. )<br>) | **Case No. 3:20-CV-00666**<br><br>**Judge William L. Campbell, Jr.**<br>**Magistrate Judge Alistair E. Newbern**<br>**JURY TRIAL DEMANDED** |
| **METROPOLITAN NASHVILLE** )<br>**AIRPORT AUTHORITY,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**COLONIAL PIPELINE COMPANY,** )<br>)<br>Defendants. )<br>) | **Case No. 3:20-CV-00809**<br><br>**Judge William L. Campbell, Jr.**<br>**Magistrate Judge Alistair E. Newbern** |

## JOINT STATEMENT REGARDING CASE MANAGEMENT CALENDAR

Pursuant to the October 20, 2020 Order of this Court (Doc. No. 25), the parties respectfully submit this joint statement with respect to the proposal of a case management calendar addressing what areas of *Metropolitan Nashville Airport Authority v. Colonial Pipeline Company*, No. 3:20-cv-00809 (the "Relocation Suit"), may proceed on a unified schedule with *Colonial Pipeline Company v. Metropolitan Nashville Airport Authority et al.*, No. 3:20-cv-00666 (the "Pipeline Strike Suit"). The parties have met and conferred, and have not been able to reach agreement on a unified schedule. The parties' individual positions are set forth separately below. Metropolitan Nashville Airport Authority and Colonial Pipeline Company will submit an initial case

management order in the Relocation Suit. One was previously submitted in the Pipeline Strike Suit (3:20-cv-00666, ECF No. 21).

**For Metropolitan Nashville Airport Authority:**

There are no common questions of law or fact implicated by the two cases, and no benefit to proceeding on a unified schedule. The only similarity between the two cases is that each involves a certain Dedication of Easement and Agreement (the "Easement") entered into between the Airport and Colonial in 1976. The Relocation Suit seeks a declaration that the express written terms of the Easement be specifically enforced--i.e., that Colonial relocate its pipeline as it agreed to do. The Pipeline Strike Suit, on the other hand, raises complex questions of breach of contract, negligence, trespass, wrongful interference with easement, implied indemnity, and violation of the Oil Pollution Act, among others, including liability and allocation of fault to AECOM and TDOT, which are non-parties to the Relocation Suit. Proceeding with the two cases on a unified schedule would unnecessarily delay resolution of the Relocation Suit, and prejudice non-parties to the Relocation Suit by forcing their participation in a case unrelated to the issues presented by the Pipeline Strike Suit.

Colonial has filed a motion to consolidate the Relocation Suit and the Pipeline Strike Suit (3:20-cv-00666, ECF No. 30) which the Airport will oppose. Colonial contends the outcome of the Pipeline Strike Suit could affect resolution of the Relocation Suit because under the first material breach doctrine, the Airport's alleged breach of the implied covenants of good faith, fair dealing, and not to interfere with Colonial's use and enjoyment of the Easement, functions to excuse Colonial's express written obligation to relocate its pipeline. In other words, because the Tennessee Department of Transportation struck Colonial's pipeline while conducting soil test borings on the Airport's property, Colonial asserts it is no longer obligated to perform under the Easement. This is incorrect for two reasons. First, Colonial has not stated a breach of contract

claim in the Pipeline Strike Suit. Properly stated, Colonial's claim is for interference with easement--a tort claim--such that first material breach doctrine does not apply. Second, even if Colonial had stated a breach of contract claim, the first material breach doctrine would not apply because the Airport's alleged breach was not material and Colonial has continued to accept the benefit of the Easement with knowledge of the alleged breach. The proper procedural solution is not to consolidate the two cases, especially when the limited issue of whether the first material breach doctrine applies could be decided on motion. To the extent Colonial claims in the Pipeline Relocation Suit that relocation of the pipeline has been made more expensive by virtue of the pipeline strike, such added expense does not impact Colonial's duty to relocate the pipeline. If the Airport is found liable in the Pipeline Strike Suit, Colonial may recover damages to the extent allowed under applicable law.

In sum, the Airport believes there is no benefit to proceeding with both cases on a unified schedule and that doing so would only cause unjustified delay and prejudice.

In the Relocation Suit, the Airport has proposed the following schedule:

Initial Disclosures: November 20, 2020

Completion of fact discovery: January 29, 2021

Motions to Amend or to Add Parties: December 15. 2020

Disclosure and Depositions of Experts (if any): Plaintiff 2/26/2021; Defendant March 26, 2021

Subsequent Case Management Conference January 15, 2021

Dispositive Motions: No later than March 1, 2021

3

**For Colonial Pipeline Company:**

As discussed in Colonial's Motion to Consolidate filed in the Pipeline Strike Suit (Case No. 3:20-cv-00666, ECF No. 30) and Colonial's Opposition to MNAA's (subsequently declared moot (3:20-cv-00809, ECF No. 14)) Motion to Expedite in the Relocation Suit (Case No. 3:20-cv-00809, ECF No. 9), those two cases should be consolidated, and MNAA is not entitled to have its second-to-be-filed Relocation Suit proceed on a schedule that is expedited or faster than, or separate from, the schedule in the Pipeline Strike Suit. Determining a complete schedule for either or both cases should await a ruling on Colonial's motion to consolidate. In any event, the schedule MNAA proposes above in the Relocation Case is unrealistic and unjustified.

Colonial proposes the following case management calendar in both cases:

1. The parties shall exchange initial disclosures in both cases pursuant to Fed. R. Civ. P. 26(a)(1) on or before December 3, 2020.

2. The parties shall complete a mediation and submit a joint report regarding the results of the mediation in both cases on or before December 31, 2020. As a part of that process, the parties intend to exchange some information for mediation purposes. Formal discovery will begin after the mediation if the cases are not settled.

3. A subsequent case management conference to address the remainder of the schedule(s) in both cases shall be held telephonically after the Court's ruling on Colonial's pending motion to consolidate the cases.

**For AECOM Technical Services, Inc.:**

Since AECOM is not a party to the easement agreement, nor a party in the relocation case, it opposes consolidation. Given the distinct legal and factual issues between the -666 pipeline strike case and the -809 relocation case, AECOM does not believe that consolidation would result in efficiencies or superior case management. Instead, it seems likely to increase AECOM's costs

by adding it as a de facto party to the second case.  AECOM is amenable to an early mediation, but suggests a reporting deadline of 1/31/21 as a more realistic date.


SUBMITTED BY:

s/ *Paul S. Davidson*
Paul S. Davidson (BPR No. 011789)
Michael C. Brett (BPR No. 037290)
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8942
Facsimile: (615) 244-6804
paul.davidson@wallerlaw.com
mike.brett@wallerlaw.com

*Attorneys for Metropolitan Nashville Airport Authority*

s/ *Brian M. Dobbs*
L. Wearen Hughes (BPR No. 5683)
J. Andrew Goddard (BPR No. 6299)
Brian M. Dobbs (BPR No. 25855)
Bass, Berry & Sims PLC
150 3rd Ave. S., Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-6293
whughes@bassberry.com
dgoddard@bassberry.com
bdobbs@bassberry.com

*Attorneys for Colonial Pipeline Company*

s/ *Gary C. Shockley*
Gary C. Shockley
Caldwell G. Collins
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street
Nashville, TN 37201
gshockley@bakerdonelson.com
cacollins@bakerdonelson.com

*Attorneys for AECOM Technical Services, Inc.*

## CERTIFICATE OF SERVICE

        I hereby certify that on November 3, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

L. Wearen Hughes
J. Andrew Goddard
Brian M. Dobbs
Bass, Berry & Sims PLC
150 3rd Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
whughes@bassberry.com
dgoddard@bassberry.com
bdobbs@bassberry.com

*Attorneys for Plaintiff Colonial Pipeline Company*

Gary C. Shockley
Caldwell G. Collins
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce St., Suite 800
Nashville, TN 37201
(615) 726-5600
gshockley@bakerdonelson.com

*Attorneys for AECOM Technical Services, Inc.*

                                               */s/ Paul S. Davidson*