# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| METROPOLITAN NASHVILLE ) <br> AIRPORT AUTHORITY, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> COLONIAL PIPELINE COMPANY, ) <br> ) <br> *Defendant.* ) <br> ) | Case No. 3:20-cv-00809 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Alistair E. Newbern |

## AMENDED INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and, under the allegations in the Complaint, the amount in controversy exceeds $75,000, excluding interest and costs.

B. BRIEF THEORIES OF THE PARTIES:

**For Plaintiff Metropolitan Nashville Airport Authority:**

Defendant Colonial Pipeline Company ("Colonial") operates a liquid petroleum pipeline which runs across Plaintiff Metropolitan Nashville Airport Authority's (the "Airport") property pursuant to an easement agreement. The easement agreement provides in relevant part that "Colonial shall relocate its easements…at its sole cost and expense upon notification by [the Airport] that its lines interfere with the expansion, development, and/or construction undertaken or to be undertaken" by the Airport. The Airport has notified Colonial that it must relocate its pipeline to make way for the Airport's renovation and expansion project "BNA Vision."

Colonial acknowledged its obligation to relocate the pipeline in 2018, but has since refused to honor its agreement. This breach of the easement agreement by Colonial threatens material, immediate and irreparable delays to the Airport's BNA Vision project. The Airport seeks a

declaratory judgment that Colonial is required to relocate all or portions of its pipeline at its own expense to accommodate the Airport's expansion. Due to Colonial's history of delay and the resulting negative impact on the Airport's expansion, the Airport asks that the Court take all reasonable steps to expedite the disposition of this matter, including setting a schedule for the relocation to be completed.

In a separate action pending before this Court, Case No. 3:20-cv-00666, Colonial asserts numerous claims--including breach of contract, negligence, trespass, wrongful interference with easement, implied indemnity, violation of the Oil Pollution Act, and declaratory judgment--against the Airport and AECOM Technical Services, Inc. ("AECOM"), related to an incident on April 9, 2019, in which the Tennessee Department of Transportation ("TDOT") inadvertently struck Colonial's pipeline while conducting soil test borings on the Airport's property.

Colonial contends in this action that the Airport's acts or omissions related to the pipeline strike constitute a breach of the easement agreement and therefore its obligation to move the pipeline has been excused. Colonial has filed a motion to consolidate this action with Colonial's pipeline strike action, Case No. 3:20-cv-00666 (ECF No. 30). That motion was denied on December 11, 2020 (Case No. 3:20-cv-00666, ECF No. 46).

The Airport filed a partial motion to dismiss the breach of contract claim asserted by Colonial in Case No. 3:20-cv-00666, and that motion is presently pending (ECF No. 35). Properly stated, Colonial's contract cause of action is wrongful interference with easement (a tort claim). Even if Colonial had stated a claim for breach of contract, Colonial is not excused from its obligation to relocate the pipeline, because the Airport's alleged breach was not material, was not based on an express contractual condition, and Colonial has continued to accept the benefit of the easement agreement with knowledge of the alleged breach.

The outcome of the pipeline strike action does not affect Colonial's obligation to relocate its pipeline. The Airport contends there is no potentially overlapping discovery in the two cases. The Airport requests a "speedy hearing of a declaratory judgment action" pursuant to Federal Rule of Civil Procedure 57.

**For Defendant Colonial Pipeline Company:**

Colonial disputes it is obligated to relocate its pipelines at its sole cost and expense or on an expedited schedule, as MNAA seeks in its Complaint, for the reasons set forth in Colonial's Answer and Counterclaim (Case No. 3:20-cv-00809, ECF No. 8), including:

- As a result of prior pipeline relocations, done at MNAA's request and/or with MNAA's consent, portions of Colonial's pipelines that cross MNAA's property are not located within the area covered by the Easement Agreement and are not subject to the terms of the Easement Agreement.

- As a result of MNAA's material breach of the Easement Agreement in connection with the April 9, 2019 strike of Colonial's Line 19 pipeline and resulting release of gasoline and contamination, the obligations MNAA seeks to enforce under the Easement Agreement have been excused and MNAA's claims are barred.

- The Easement Agreement does not provide a basis for the relief MNAA seeks, including as to the specific time for relocation of any easement or pipeline.

- To the extent the cost of moving any pipeline or easement is increased as a result of the line strike contamination, in no event would Colonial be responsible for that incremental cost.

Colonial believes there are overlapping issues between this case and the line strike case (Case No. 3:20-cv-00666) that should be taken into account in case management in both cases.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability as to the Airport's claims and Colonial's counterclaim.

E. INITIAL DISCLOSURES: The parties made initial disclosures pursuant to Rule 26(a)(1) on November 25, 2020.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.05. **If the parties do not propose a detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution plan requirements.** Approximately fourteen (14) days after the conclusion of fact discovery, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before June 1, 2021.

Written discovery should proceed promptly (unless otherwise provided for herein). The parties have exchanged initial written discovery and are awaiting responses.

Discovery is not stayed during settlement discussions, dispositive or other motions, unless ordered by the Court.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be

brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions.

All discovery motions shall be filed by no later than June 15, 2021.

In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than February 19, 2021.

Any motion to amend must be accompanied by the proposed amended pleading, which shall be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether or not the motion is opposed.

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before June 4, 2021. The defendants shall identify and disclose all expert witnesses and reports no later than 28 days after plaintiff has disclosed its expert witnesses and expert reports.

Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.C). Expert depositions shall be completed by no later than 28 days after defendant's expert disclosures have been made.

J.  SUBSEQUENT CASE MANAGEMENT CONFERENCE: A subsequent case management conference shall be held telephonically on February 12, 2021 at 9:30 a.m. to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement; and, any other appropriate matters. Plaintiff's counsel shall initiate the call.

K.  DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than July 30, 2021.

Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties.

L.  ELECTRONIC DISCOVERY: The parties anticipate reaching an agreement on how to conduct electronic discovery. Administrative Order No.174-1 therefore need not apply to this case. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply. Any agreement between the parties to address the topics provided by Administrative

Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval.

M. MODIFICATION OF CASE MANAGEMENT ORDER: Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS: Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized

privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

O.  ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The trial of this action is expected to last approximately 3 days. A trial date no earlier than December 10, 2021 is respectfully requested.[1]

It is so **ORDERED**.

_____
United State Magistrate Judge

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by the Magistrate Judge.

APPROVED FOR ENTRY:

s/ *Paul S. Davidson*
Paul S. Davidson (BPR No. 011789)
Michael C. Brett (BPR No. 037290)
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8942
Facsimile: (615) 244-6804
paul.davidson@wallerlaw.com
mike.brett@wallerlaw.com

*Attorneys for Plaintiff*
*Metropolitan Nashville Airport Authority*

s/ *Brian M. Dobbs*
L. Wearen Hughes (BPR No. 5683)
J. Andrew Goddard (BPR No. 6299)
Brian M. Dobbs (BPR No. 25855)
Bass, Berry & Sims PLC
150 3rd Ave. S., Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-6293
whughes@bassberry.com
dgoddard@bassberry.com
bdobbs@bassberry.com

*Attorneys for Defendant*
*Colonial Pipeline Company*

# CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

L. Wearen Hughes
J. Andrew Goddard
Brian M. Dobbs
Bass, Berry & Sims PLC
150 3rd Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
whughes@bassberry.com
dgoddard@bassberry.com
bdobbs@bassberry.com

*Attorneys for Defendant Colonial Pipeline Company*

                         */s/ Paul S. Davidson*