IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| METROPOLITAN NASHVILLE AIRPORT AUTHORITY, <br><br> Plaintiff, <br><br> v. <br><br> COLONIAL PIPELINE COMPANY, <br><br> Defendant. | Case No. 3:20-cv-00809 <br> District Judge William L. Campbell, Jr. <br> Magistrate Judge Alistair E. Newbern |

## JOINT DISCOVERY PLAN

Colonial Pipeline Company ("Colonial") and Metropolitan Nashville Airport Authority (the "Airport"), by and through their respective counsel, submit this Discovery Plan in accordance with Fed. R. Civ. P. 26(f). The parties shall use good faith efforts to meet the deadlines and other agreements set forth in this Discovery Plan, but reserve their rights to seek relief from the following schedule for good cause and with the judge's consent pursuant to Fed. R. Civ. P. 16(b)(4).

1. **Conference**. Counsel participated telephonically in discovery planning conferences and prepared the following Discovery Plan for *Metropolitan Nashville Airport Authority v. Colonial Pipeline Company*, No. 3:20-cv-809 (the "Relocation Case"). Wearen Hughes and Brian Dobbs of Bass Berry Sims LLP attended the conferences on behalf of Colonial and Paul Davidson and Mike Brett of Waller Lansden Dortch & Davis LLP attended the conferences on behalf of the Airport.

2. **Initial Disclosures**. The parties agree to make any supplements to their initial disclosures on or before April 9, 2021, and as thereafter required under Fed. R. Civ. P. 26(e).

3. **Meet and Confer.** The parties shall meet and confer to discuss the possibility of early resolution of the three issues raised by the Airport during the April 1, 2021 case management conference, which the Airport maintains are legal issues, including whether there is discovery necessary to the resolution of those issues and, if so, whether that discovery can be prioritized so that those issues can be brought before Judge Campbell if that is the case. The parties shall file a joint status report on or before April 15, 2021, regarding the outcome of their conference and whether they anticipate needing the Court's assistance.

4. **Written Discovery**.

   a. The parties shall issue written responses and objections to all outstanding discovery on or before April 23, 2021. Pursuant to Local Rule 37.01(a), the parties shall make a good faith attempt to resolve any objections to outstanding written discovery on or before April 30, 2021.

   b. Pursuant to Local Rule 37.01(b), the parties shall file a joint statement on or before May 5, 2021 detailing their efforts to resolve any objections to outstanding written discovery, setting forth exactly what discovery is in dispute, and detailing the parties' respective positions. The Magistrate Judge will conduct a conference with respect to those issues on May 10, 2021, at 11:00 AM CDT.

   c. All additional written discovery shall be commenced in time to be completed by July 30, 2021.

   d. The following parameters shall apply to written discovery: Maximum of 25 interrogatories by each party, including subparts. No limit for requests for production by each party. No limit for requests for admissions by each party.

5. **Document Productions**.

   a. **Electronically Stored Information**. The parties incorporate by reference the Agreed Order Regarding Discovery of Electronically Stored Information. With respect to electronic communications, the Parties shall (i) propose custodians, date ranges, and search terms on or before April 13, 2021, and (ii) agree to final custodians, date ranges, and search terms, and meet and confer regarding a schedule for production of documents, on or before April 23, 2021.

b. **Protective Order**. The parties incorporate by reference into this Discovery Plan the Agreed Confidentiality and Protective Order.

c. The parties shall produce documents on a rolling basis, with the initial production of documents responsive to document requests existing as of the date of this Discovery Plan no later than April 23, 2021, and a final production of documents responsive to those requests by June 30, 2021.

6. **Third Party Subpoenas**.

   a. The return date for Kleinfelder, Inc. ("Kleinfelder") to produce documents in response the Airport's subpoena in Case No. 3:20-CV-00809 is extended from March 26, 2021 to April 2, 2021 to make an initial production, with a follow-up production and/or Colonial's assertion of privilege and associated log to be produced on or before April 9, 2021. In the event Colonial claims any responsive document should be withheld from Kleinfelder's production on the basis of Colonial's attorney client or work product privilege, the Airport and Colonial will attempt to work those issues out in a face-to-face meeting on or before April 15, 2021, and if the parties are unable to work it out, the parties will jointly file a stipulation of the issues and their respective positions with the Court on or before April 20, 2021 and will address the issues with the Magistrate in the conference set thereafter pursuant to the parties' discovery plan.

   b. The return date for Wood Environment & Infrastructure Solutions, Inc. ("Wood") to produce documents in response the Airport's subpoena in Case No. 3:20-CV-00809 is extended from March 31, 2021 to April 2, 2021 to make an initial production, with a follow-up production and/or Colonial's assertion of privilege and associated log to be produced on or before April 9, 2021. In the event Colonial claims any responsive document should be withheld from Wood's production on the basis of Colonial's attorney client or work product privilege, the Airport and Colonial will attempt to work those issues out in a face-to-face meeting on or before April 15, 2021, and if the parties are unable to work it out, the parties will jointly file a stipulation of the issues and their respective positions with the Court on or before April 20, 2021 and will address the issues with the Magistrate in the conference set thereafter pursuant to the parties' discovery plan.

   c. Except as otherwise agreed between the parties, additional subpoenas to third parties shall provide thirty (30) days from the date of issuance for response, and any objection by a party to the subpoena shall be made within fourteen (14) days of its receipt of notice of the subpoena. Pursuant to Local Rule 37.01, the parties shall make a good faith effort to resolve the objection within 5 business days, and within 7 days thereafter comply with Local Rule 37.01(b) and also request a conference with the magistrate in an attempt to resolve the issues.

7. **Depositions and Completion of Fact Discovery**.

   a. Each deposition should be limited to a maximum of seven (7) hours unless extended by agreement of the parties.

   b. Subject to meeting other requirements for admissibility under the Federal Rules of Evidence, Federal Rules of Civil Procedure and other applicable law, or as otherwise agreed by all parties, depositions taken in *Colonial Pipeline Company v. Metropolitan Nashville Airport Authority, et al.*, No. 3:20-cv-666 (the "Line Strike Case") are admissible in the Relocation Case, and vice versa.

   c. Subject to meeting other requirements for admissibility under the Federal Rules of Evidence, Federal Rules of Civil Procedure and other applicable law, or as otherwise agreed by all parties, documents produced and responses to written discovery in the Line Case are admissible in the Relocation Case, and vice versa.

   d. The parties agree to work to identify deponents and set aside dates for depositions and will cooperate in scheduling them: May 24-28, June 7-11, June 21-25. This does not preclude any party from taking a deposition prior to or after these scheduled dates.

   e. All fact discovery is to be completed by July 30, 2021 absent agreement of the parties or further order of this Court.

   f. The parties shall file any discovery motions related to written discovery and/or fact depositions no later than August 13, 2021.

7. **Experts**. The Airport shall identify each expert witness it intends to call and provide a Rule 26(a)(2) report for each such expert by August 4, 2021. Colonial shall identify any expert witness they intend to call and provide a Rule 26(a)(2) report for such expert within 28 days after the Airport makes its disclosure. All experts shall be deposed within 28 days after Colonial makes its disclosure.

8. **Dispositive Motion Deadline**. The parties shall file any dispositive motions no later than September 14, 2021.

It is so ORDERED.

*[Signature]*
Alistair E. Newbern
U.S. Magistrate Judge

4
Case 3:20-cv-00809   Document 37   Filed 04/05/21   Page 4 of 6 PageID #: 269

APPROVED FOR ENTRY:

s/ *Brian M. Dobbs*
L. Wearen Hughes (BPR No. 5683)
J. Andrew Goddard (BPR No. 6299)
Brian M. Dobbs (BPR No. 25855)
Bass, Berry & Sims PLC
150 3rd Ave. S., Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-6293
whughes@bassberry.com
dgoddard@bassberry.com
bdobbs@bassberry.com

*Attorneys for Colonial Pipeline Company*

s/ *Paul S. Davidson*
Paul S. Davidson (BPR No. 011789)
Edward Callaway (BPR No. 016016)
Michael C. Brett (BPR No. 037290)
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8942
Facsimile: (615) 244-6804
paul.davidson@wallerlaw.com
ed.callaway@wallerlaw.com
mike.brett@wallerlaw.com

*Attorneys for Metropolitan Nashville Airport Authority*

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties below indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

    L. Wearen Hughes
    John Andrew Goddard
    Brian M. Dobbs
    BASS BERRY SIMS LLP
    The Pinnacle at Symphony Place
    150 Third Avenue South, Suite 2800
    Nashville, TN 37201

    *Attorneys for Colonial Pipeline Company*

this 1st day of April 2021.

                                               *s/ Paul S. Davidson*
                                               Paul S. Davidson