# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| METROPOLITAN NASHVILLE AIRPORT AUTHORITY | ) ) ) | |
|---|---|---|
| *Plaintiff/Counter-Defendant* | ) ) | Case No. 3:20-cv-00809 |
| v. | ) ) | Judge William L. Campbell, Jr. |
| COLONIAL PIPELINE COMPANY | ) ) ) | Magistrate Judge Alistair E. Newbern |
| *Defendant/Counterclaimant* | ) | |

## JOINT STATEMENT REGARDING DISCOVERY SCHEDULE

Colonial Pipeline Company ("Colonial") and Metropolitan Nashville Airport Authority (the "Airport"), by and through their respective counsel, submit this Joint Statement Regarding Discovery Schedule in accordance with discussions during the June 18, 2021 status conference in this matter. The parties propose the following revised discovery dates in this matter (areas of disagreement appear in ***bold***):

|  | **Current Dates** | **Colonial Proposed** | **Airport Proposed** |
|---|---|---|---|
| Primary Production of Documents |  | June 30 | June 30 |
| Further Production of Documents | June 30 | ***July 30*** | ***July 15*** |
| Completion of Fact Discovery | July 30 | ***September 13*** | ***August 30*** |
| Deadline to File Discovery Motions | August 13 | ***September 27*** | ***September 13*** |
| Plaintiff Expert Disclosure and Report | August 4 | September 10 | September 10 |
| Defendant Expert Disclosure and Report | September 1 | October 8 | October 8 |
| Deadline for Expert Depositions | September 29 | November 5 | November 5 |
| Dispositive Motion Deadline | September 14 | ***October 13*** | ***September 14*** |
| Motions in Limine and Exchange Exhibits | January 31 | Same | Same |
| Pre-Trial Conference | February 14 | Same | Same |
| Trial | February 22 | Same | Same |

1. **Colonial's Position**. Colonial's position does not take into account the motion to disqualify and the Court's stay of certain discovery. Colonial's position also assumes the Court would be willing to apply Local Rule 16.01(h) with respect to the dispositive motion deadline by moving it to October 13, 2021, thus allowing for a later deadline to complete fact discovery and more time for discovery motions and expert disclosures and reports. The trial date in this matter does not warrant such an aggressive discovery and motion schedule, and the parties' will need the additional time to complete the numerous depositions and expert discovery this case requires.

With respect to the document production deadlines, Colonial intends to make a significant production of documents in accordance with the parties' agreed protocols for electronically stored information by June 30, 2021, but believes additional time likely will be needed for at least several reasons. These include such things as analysis of certain documents for relevance and responsiveness, as well as privilege and work product determinations, and because of potential discovery of documents beyond the immediate scope of the parties' ESI protocols that are responsive and relevant to the issues in the case. Colonial's data breach has affected some of its ability to locate, gather and transmit documents, more eyes-on review is necessary because of the nature of the information involved, some documents go back years, documents will continue to be generated, and depositions or written discovery likely will reveal the need for further document production (by all parties). Thus, Colonial also requests that the further document production deadline not foreclose other productions of documents, if necessary and as often happens in cases, and that the parties continue to be permitted to produce relevant and responsive documents up to the deadline for completion of fact discovery as necessary to make document production complete.

2. **The Airport's Position**. The Airport is willing to extend the current discovery deadlines in this case and in the "Strike Case" (No. 3:20-cv-666) to accommodate Colonial's

wishes, but objects to extensions that would lead to a change in the trial date of this case or the Strike Case or that would impact the parties' rights to file for summary judgment on the Court's preferred schedule in either this case or the Strike Case. Because Colonial has raised the first material breach defense in this case due to the Airport's alleged acts or omissions with respect to the line strike, discovery in the two cases will be interrelated to a degree. The Airport therefore objects to extensions in this case that will adversely impact the trial date or summary judgment date in the Strike Case. The Airport does not believe the extensions requested by Colonial are necessary. Discovery was not stayed pending mediation and following termination of mediation, the parties met and conferred multiple times and collaboratively prepared a joint discovery plan for both cases that they agreed was reasonable and that the Court entered on April 5, 2021. The Airport has worked diligently since then to meet the Court ordered deadlines. As stated in the Airport's opposition to Colonial's motion to stay discovery (3:20-cv-809 DE 63), the Airport is prepared to produce responsive documents on June 30, 2021, and is willing to agree to a clean-up production of documents by July 15, 2021. These deadlines would not change the parties' obligation to supplement their productions if additional responsive documents are found. The parties have agreed to set aside weeks in July and August to take depositions. The Airport believes that if documents are produced on schedule, fact depositions can be completed by August 30.

Respectfully submitted,

s/ *Brian M. Dobbs*
L. Wearen Hughes (BPR No. 5683)
J. Andrew Goddard (BPR No. 6299)
Brian M. Dobbs (BPR No. 25855)
Bass, Berry & Sims PLC
150 3rd Ave. S., Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-6293
whughes@bassberry.com
dgoddard@bassberry.com
bdobbs@bassberry.com

*Attorneys for Colonial Pipeline Company*

s/ *Paul S. Davidson*
Paul S. Davidson (BPR No. 011789)
Edward Callaway (BPR No. 016016)
Michael C. Brett (BPR No. 037290)
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8942
Facsimile: (615) 244-6804
paul.davidson@wallerlaw.com
ed.callaway@wallerlaw.com
mike.brett@wallerlaw.com

*Attorneys for Metropolitan Nashville Airport Authority*

## CERTIFICATE OF SERVICE

I certify that I filed this document electronically using the Court's electronic case management system, which will send notice to:

Paul S. Davidson
Edward Callaway
Michael C. Brett
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
paul.davidson@wallerlaw.com
ed.callaway@wallerlaw.com
mike.brett@wallerlaw.com

*Attorneys for Metropolitan Nashville Airport Authority*

and by email to:

Gary C. Shockley
Caldwell G. Collins
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street
Nashville, TN 37201
gshockley@bakerdonelson.com
cacollins@bakerdonelson.com

*Attorneys for AECOM Technical Services, Inc.*

s/ *Brian M. Dobbs*